SUMMARY ORDER

Petitioners Drane and Sokol Boci, natives and citizens of Albania, seek review of the January 14, 2009 order of the BIA affirming the November 16, 2006 decision of the Immigration Judge (“IJ”) Michael W. Straus denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Boci, Nos. A097 959 203, A098 166 886 (B.I.A. Jan. 14, 2009), aff'g Nos. A097 959 203, A098 166 886 (Immig. Ct. Hartford Nov. 16, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA does not expressly “adopt” the IJ’s decision, but its decision closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions for the sake of completeness. Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Applicable regulations require IJ’s to exercise the Attorney General’s discretion to deny asylum to applicants who establish eligibility based solely on past persecution when the government establishes a funda *734 mental change in circumstances sufficient to rebut the presumption of well-founded fear. 8 C.F.R. § 1208.13(b)(1). Here, the agency determined that the Government successfully rebutted any presumption of a well-founded fear of prosecution. The agency showed that: (1) the Democratic Party won control of the Albanian government in 2005; (2) State Department reports indicated a reduction in political violence from 2000 to 2005; and (3) after the 2005 election, the newly elected Democratic Party transferred authority over the local police to the new Ministry of Interior, which the Democratic Party controlled. Thus, because the Bocis feared persecution by the Albanian Socialist Party on account of their support for the Democratic Party, the agency reasonably concluded that there had been a fundamental change in circumstances. See Hoxhallari v. Gonzales, 468 F.3d 179 (2d Cir.2006) (holding that the agency properly denied petitioner’s asylum application based on a finding that the election of the Democratic Party in Albania constituted a fundamental change in circumstances, rebutting his presumption of a well-founded fear).
The Bocis assert that the Government failed to present sufficient evidence of changed country conditions. This argument is unavailing because “an immigration judge need not enter specific findings premised on record evidence when making a finding of change country conditions under the INA ... [where those] conditions evidently prevail in a country that is the subject of an appreciable proportion of asylum claims.” Id. at 187. The Bocis further argue that the agency erred by placing undue weight on State Department reports, as opposed to a letter they submitted. This argument also fails. Although we have previously warned the agency “not to place excessive reliance on the published reports of the Department of State,” such reports are nonetheless “the result of estimable expertise and earnestness of purpose,” Tian-Yong Chen v. INS, 359 F.3d 121, 130 (2d Cir.2004), and are clearly probative, Tu Lin v. Gonzales, 446 F.3d 395, 400 (2d Cir.2006). In this case, we find no error in the agency’s decision to accord more weight to the State Department reports in the record than the letter the Bocis submitted. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (the weight afforded to State Department reports “lies largely within the discretion of the IJ”); Jian Hui Shao v. Mukasey, 546 F.3d 138, 171 (2d Cir.2008) (“We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency.”).
Because the agency reasonably determined that the Bocis failed to satisfy the lower burden of proof for asylum, it also properly denied their applications for withholding of removal and CAT relief where both claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (failure to establish eligibility for asylum necessarily precludes eligibility for withholding of removal because of the latter’s higher standard of proof).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).